## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

GARY LEE MOUNT,          §
(TDCJ-CID #1969963)      §
    Plaintiff,          §
               §
vs.                      §    CIVIL ACTION H-17-2987
               §
JOHN WAKEFIELD, *et al.,* §
               §
    Defendants.          §

## MEMORANDUM AND OPINION

Gary Lee Mount, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"), sued in October 2017, alleging civil rights violations resulting from a denial of due process. Mount, proceeding pro se and in forma pauperis, sues John Wakefield, Assistant District Attorney for Harris County; Katherine Cabaniss, judge of the 248th Judicial District Court of Harris County, Texas; Theodore Haynes, Jr., trial counsel; Lori Davis, Director of the TDCJ-CID; Ali M. Nasser, Assistant Attorney General of Texas; and the Texas Court of Criminal Appeals.

The threshold issue is whether Mount's claims should be dismissed as frivolous.

## I.      Plaintiff's Allegations

Mount asserts that he was denied due process from January 19, 2013 to December 5, 2014. He explains that his right to a speedy trial was violated because his trial was conducted twenty-three months after he was arrested. Mount alleges that in May 2013, Eric Davis was appointed to represent Mount in his criminal trial. In August 2013, Mount filed a pro se motion for a speedy trial,

and he filed a second motion for speedy trial nine months later.

Online research reveals that on December 5, 2014, a jury of the 248th Judicial District Court of Harris County, Texas found Mount guilty of aggravated kidnapping (cause number 144919601010) and aggravated sexual assault (cause number 144919501010). The jury sentenced him to two terms of seventy-five years imprisonment to be run concurrently. Mount states that he filed a federal petition for a writ of habeas corpus, Civil Action Number 4:16-3582, challenging these conviction on the ground that he was denied a speedy trial. Court records reflect that Civil Action Number 4:16-3582 is pending on the court's docket.

## II.    Discussion

Under 28 U.S.C. § 1915A, federal courts are authorized to review, before docketing, if feasible, or in any event as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Richardson v. Spurlock,* 260 F.3d 495, 498 (5th Cir. 2001)(citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998)(quoting *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997)).

Under *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994), the Court must dismiss a complaint

brought pursuant to 42 U.S.C. § 1983, when the civil rights action, if successful, would necessarily imply the invalidity of a plaintiff's conviction or sentence, unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254.

In this instance, the crux of Mount's complaint is that he was improperly charged and convicted of aggravated kidnapping and aggravated sexual assault. The complaint raises the issues of whether he was denied a speedy trial, whether his counsel rendered ineffective assistance, and whether the trial court erred in denying his motions for speedy trial. A ruling granting Mount the relief which he seeks would necessarily implicate the validity of his convictions in Cause Numbers 144919501010 and 144919601010 and inevitably affect the duration of his confinement.

Under *Heck,* Mount must demonstrate that his convictions and sentences have been reversed, invalidated, or expunged prior to bringing an action under § 1983. *Heck,* 512 U.S. at 486-87. Mount cannot make such showing. He has not alleged that his convictions in Cause Numbers 144919501010 and 144919601010 have been reversed, invalidated or otherwise expunged. Until Mount receives a ruling declaring his sentences invalid, no action will accrue under § 1983. *Id.* at 488-89; *Randell v. Johnson,* 227 F.3d 300, 301 (5th Cir. 2000), *cert. denied,* 121 S. Ct. 1601 (2001) ("Because [plaintiff] is seeking damages pursuant to § 1983 for unconstitutional imprisonment and he has not satisfied the favorable termination requirement of *Heck*, he is barred from any recovery. . . ."). Mount's claims challenging his convictions for aggravated kidnapping and aggravated sexual assault are "legally frivolous" within the meaning of sections 1915(e)(2) and 1915A(b). *Hamilton v. Lyons,* 74 F.3d 99, 102-103 (5th Cir. 1996)("A § 1983 claim which falls under the rule in *Heck*

is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question.").

Mount's claims are dismissed with prejudice to them being reasserted when the *Heck* conditions are met. *See Clarke v. Stalder,* 154 F.3d 186, 191 (5th Cir. 1998); *Johnson v. McElveen,* 101 F.3d 423, 424 (5th Cir. 1996).

## III. Conclusion

Mount's motion to proceed *in forma pauperis,* (Docket Entry No. 2), is GRANTED. The action filed by Gary Lee Mount (TDCJ-CID Inmate #1969963) lacks an arguable basis in law. His claims are DISMISSED with prejudice under 28 U.S.C. § 1915A(b)(1).

The TDCJ-CID must deduct twenty percent of each deposit made to Mount's inmate trust account and forward payments to the court on a regular basis, provided the account exceeds $10.00, until the filing fee obligation of $350.00 is paid in full.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1)     the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas 78711, Fax: 512-936-2159;

(2)     the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and

(3)     the Manager of the Three-Strikes List for the Southern District of Texas at:

Three_Strikes@txs.uscourts.gov.

SIGNED at Houston, Texas, on _____, 2017.

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE

10/12/17 O:\RAO\VDG\2017\17-2987.a01.wpd